UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-06-58-B-W |
| | ) | |
| ANTHONY CAPAROTTA and | ) | |
| RAYMOND FOGG | ) | |

**ORDER ON MOTION *IN LIMINE***

Anthony Caparotta and Raymond Fogg stand charged with conspiracy to possess with the intent to distribute marijuana.[1] The Government moves *in limine* in support of the admission of evidence concerning the importation of marijuana that it charges was distributed first to, and then by the Defendants.[2] The Court determines that because the evidence concerning the importation of marijuana is potentially part of the alleged multi-part conspiracy, this evidence is admissible.

**I.   THE GOVERNMENT'S MOTION *IN LIMINE***

The Defendants present essentially identical arguments opposing the admission of evidence concerning the importation of marijuana; each argues that such evidence is irrelevant

---

[1] Mr. Fogg alone is also charged with social security fraud; the trial of a third co-defendant, John Pascucci, has been continued.

[2] The procedural background of this motion is convoluted. To start, Mr. Pascucci filed a trial brief which forecasted the submission of a motion *in limine* regarding the admissibility of evidence of the alleged conspiracy to import marijuana. *Def. Pascucci's Second Trial Br.* at 3 (Docket # 414) (stating that such evidence is "irrelevant to the prosecution of Mr. Pascucci, is highly prejudicial if admitted and should be excluded pursuant to Federal Rules of Evidence 401 and 403"). Subsequently, Mr. Pascucci moved orally to continue trial, which the Court granted, *Order* (Docket # 429), and Mr. Pascucci never submitted a motion *in limine* on the subject.

On May 19, 2008, in anticipation of a June trial, Mr. Fogg moved to "join[] the Motion *in Limine* of co-Defendant Pascucci regarding importation evidence." *Def. Fogg's Mot.* in Limine (Docket # 450). Mr. Caparotta never formally moved to join Mr. Pascucci's non-existent motion *in limine*, but he referenced this unfiled motion in his trial brief. *Def. Caparotta's Trial Br.* at 3-4 (Docket # 424).

Finally, on April 23, 2008, the Government filed its own motion *in limine*, seeking a ruling on whether importation evidence would be admissible. *Government's Mot.* in Limine (Docket # 423). The Government's motion raises the same issue that Mr. Fogg and Mr. Caparotta sought to raise by joining Mr. Pascucci's unfiled motion. As such, the Court treats Mr. Fogg and Mr. Caparotta as having joined – though seeking an opposite result – the Government's request for an *in limine* ruling as to the admissibility of importation evidence.

and highly prejudicial. See *Def. Pascucci's Second Trial Br.* at 3-4 (Docket # 414); *Def. Caparotta's Trial Br.* at 3-4 (Docket # 424); *Def. Fogg's Trial Br.* at 3-4 (Docket # 449).

Concerning relevance, the First Circuit has analogized a conspiracy to a moving train: "When a party knowingly steps aboard, he is part of the crew, and assumes conspirator's responsibility for the existing freight – or conduct – regardless of whether he is aware of just what it is composed." *United States v. Baines*, 812 F.2d 41, 42 (1st Cir. 1987). More specifically, the First Circuit has held:

> [A]n individual could be found to be part of a conspiracy to possess and distribute cocaine even though he neither directly participated in interstate trafficking nor knew the precise extent of the enterprise. The fact that he participated in one retail link of the distribution chain, knowing that it extended beyond his individual role, was sufficient.

*United States v. Rivera-Santiago*, 872 F.2d 1073, 1079 (1st Cir. 1989) (quoting *United States v. Moosey*, 735 F.2d 633, 635-36 (1st Cir. 1984)). In *Rivera-Santiago*, the Court stated:

> It is now generally accepted that when a number of people combine efforts to manufacture, distribute and retail narcotics, there is a single conspiracy, a "chain conspiracy," despite the fact that some of the individuals linking the conspiracy together have not been in direct contact with others in the chain. The same principles apply to a conspiracy to possess and distribute marihuana.

*Id.* at 1080 (internal citation omitted). In this case, the Government has charged Mr. Caparotta and Mr. Fogg with conspiring to possess with the intent to distribute marijuana. As part of this conspiracy, the Government claims the marijuana was imported into the United States from Canada and as the importation of marijuana is one part of the alleged overall conspiracy that the Defendants allegedly participated in, the conspiracy evidence is relevant under First Circuit authority.

In addition, evidence concerning the importation of marijuana provides context for the charges brought against the Defendants. *See United States v. Sabetta*, 373 F.3d 75, 83 (1st Cir.

2004) (finding that "[e]vidence that pertains to a chain of events forming the context and set-up of the crime, helping to complete the story of the crime on trial [is admissible in appropriate cases] where it possesses contextual significance.").

Of course, relevance is not the only test; if the probative value of the evidence of the conspiracy is substantially outweighed by its prejudicial impact, relevant evidence can be deemed inadmissible. Fed. R. Evid. 403. Where the Government seeks to admit evidence of a broader conspiracy, there is some danger that the cumulative evidence will cause some prejudice to the defendants who actually participated in only a fraction of the whole, raising the implication of guilt by association. But, defense counsel are certainly capable of pointing out this tactic to the jury, and urging the jury to separate their clients from the more tangential evidence of the participation of other individuals not being tried before the court. Moreover, if the Government overreaches and produces convincing evidence of an elaborate conspiracy and dubious evidence of the Defendants' active participation, competent defense counsel can cast a pall over the Government's case by contrasting the strength of its conspiracy case against the weakness of its case against the named Defendants. Thus, evidence of an overarching conspiracy is not a matter of unalloyed prejudice. Depending upon its direct relevance to the defendants, conspiracy evidence can and often does hurt the Government and help the defendants.

The ultimate test is what evidence the Government presents at trial. But, at this stage, it would be improper for the Court to conclude pre-trial that the conspiracy evidence is not relevant or that its relevance would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or the other Rule 403 factors.[3] Fed. R. Evid. 403.

---

[3] In addition, the Defendants argue that permitting the importation evidence at trial would undercut the reasoning for severing this trial from the trial of another co-defendant Michael Pelletier. See *Def. Pascucci's Second Trial Br.* at

**II.     CONCLUSION**

As to Anthony Caparotta and Raymond Fogg, the Court GRANTS the Government's motion *in limine* to introduce evidence of the importation of marijuana. (Docket # 423).

SO ORDERED.

/s/ John A. Woodcock, Jr.<br>JOHN A. WOODCOCK, JR.<br>UNITED STATES DISTRICT JUDGE

Dated this 2nd day of June, 2008

---

4; *Def. Caparotta's Trial Br.* at 4; *Def. Fogg's Trial Br.* at 4.  In fact, in severing Mr. Pelletier's trial, the Court explicitly did not consider the question of importation evidence.  *See Order on Mots. to Sever* at 4 n.5 (Docket # 219).