UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:06-CR-00058-JAW-5 |
| | ) | |
| | ) | |
| RAYMOND FOGG | ) | |
| | ) | |

**ORDER ON REMAND**

The Court concludes that the mandate of the First Circuit requires it to enter a final order of forfeiture against the Defendant without additional proceedings.

**I.   STATEMENT OF FACTS**

On June 18, 2008, a jury found Raymond Fogg guilty of participating in a drug trafficking conspiracy and of social security fraud. *Jury Verdict* (Docket # 479). On July 30, 2008, the Court issued a preliminary order of forfeiture against Raymond Fogg in the total amount of $264,000. *Order on Gov't's Mot. for a Prelim. Order of Forfeiture* (Docket # 491). On January 14, 2009, the Court sentenced Mr. Fogg. *J.* (Docket # 598). At Mr. Fogg's sentencing hearing, however, the Court declined to issue the final order of forfeiture based on its mistaken reading of *United States v. Levesque*, 546 F.3d 78 (1st Cir. 2008). The Government appealed and on December 1, 2011, the First Circuit reversed this Court's decision and remanded the case for entry of a final order of forfeiture. *United States v. Fogg*, 666

F.3d 13 (1st Cir. 2011). The First Circuit mandate was docketed on December 28, 2011. *Mandate* (Docket # 666).

On January 23, 2012, the Court held a telephone conference of counsel. *Minute Entry* (Docket # 672). At the conference, the parties disagreed about whether the Court was required to impose the forfeiture without further hearing or whether Mr. Fogg was entitled to a hearing on remand. *Id.* The parties filed memoranda supporting their opposing positions. *Gov't's Mem. Regarding the Order of Remand* (Docket # 673) (*Gov't's Mem.*); *Def.'s Resp. to Gov't's Br. in Support of It[]s Position that no Further Hr'g is Required Pursuant to the Remand Order from the Court of Apps.* (Docket # 674) (*Def.'s Opp'n*).

## II. DISCUSSION

The First Circuit's Order on Remand in this case stated:

> We **reverse** the district court's decision to decline to issue a final order of forfeiture and **remand** for entry of a final order of forfeiture consistent with this opinion.

*Fogg*, 666 F.3d at 20 (emphasis in original). This language stands in contrast to *Levesque*:

> We *vacate* the district court's forfeiture decision and *remand* for further consideration consistent with this opinion.

*Levesque*, 546 F.3d at 85 (emphasis in original).

The Court views the differences in language between these two mandates as requiring different actions upon remand. In *Fogg*, the First Circuit concluded that the Court committed a legal error by failing to impose a $264,000 forfeiture against Mr. Fogg, reversed the Court's decision to issue the final forfeiture order, and

2

directed the Court to issue the final order. In *Levesque*, the First Circuit concluded that the Court had committed a legal error by imposing a $3,068,000 forfeiture against Ms. Levesque, but was unable to determine as a matter of law what forfeiture amount, if any, would not violate the Eighth Amendment prohibition against excessive fines, and directed the Court to make further inquiry.

The First Circuit minced no words in its conclusion that the Court committed multiple errors of law in declining to issue the final order of forfeiture:

> [T]he court did not correctly apply *Levesque* and committed other errors. Among them were: first, basing its forfeiture decision on Fogg's inability to pay; second, placing the burden on the government to prove that he could pay; and third, overlooking the fact that defendant had made no Eighth Amendment argument, no *Levesque* argument, and had presented no evidence that the forfeiture order would deprive him of his livelihood.

*Id.* at 19. The First Circuit expounded on the Court's mistakes. First, the Court should not have raised the *Levesque* issue at all, because Mr. Fogg himself did not raise it. *Id.* Second, the Court "misconstrued *Levesque*" and "purported to apply *Levesque*" but failed to "hew[] to the analytic framework drawn in *Heldeman*[1]" and "never reached the actual inquiry under *Levesque* of whether Fogg's post-incarceration livelihood would be imperiled by the forfeiture." *Id.* Third, the Court "compounded" its error by "requiring the government to shoulder the burden of proving that Fogg *could* pay a forfeiture judgment." *Id.* at 19-20 (emphasis in original). As the First Circuit ruled that the Court erred in raising the issue at all, it would be odd to allow Mr. Fogg to do now what should not have been done at the sentencing hearing.

---

[1] *United States v. Heldeman*, 402 F.3d 220 (1st Cir. 2005).

3

Furthermore, in the context of this case, Mr. Fogg had an opportunity to challenge the amount of the forfeiture both at the Government's motion for preliminary order and at the sentencing hearing but he did not do so. While Mr. Fogg objected to the preliminary order, he did not object to the amount. *Def. Raymond Fogg's Opp'n to the Gov't's Mot. for a Prelim. Order of Forfeiture* (Docket # 485). Similarly, at the sentencing hearing, as the First Circuit pointed out, Mr. Fogg made no objection to the amount of the proposed forfeiture. *See Fogg*, 666 F.3d at 18. Finally, the structure of Rule 32.2 suggests that if Mr. Fogg wished to contest the amount of the forfeiture, he should have done so when the Government moved for a preliminary order. FED. R. CRIM. P. 32.2(a), (b).

## III. CONCLUSION

The Court concludes that the First Circuit's remand order requires the Court to enter a final judgment of forfeiture without further proceedings and the Court will do so.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 2nd day of March, 2012